Matter of Noichl (2019 NY Slip Op 07468)





Matter of Noichl


2019 NY Slip Op 07468


Decided on October 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 17, 2019

527834

[*1]In the Matter of the Estate of Anton Georg Noichl, Deceased. Karin Hancock, as Executor of the Estate of Anton Georg Noichl, Deceased, Appellant; Alexander A. Rinaldi, as Executor of the Estate of Ruth Noichl, Deceased, Respondent.

Calendar Date: September 6, 2019

Before: Garry, P.J., Egan Jr., Lynch and Pritzker, JJ.


Esslie & Frenia, PC, Cairo (Michael W. Esslie of counsel), for appellant.
Salny Redbord & Rinaldi, Succasunna, New Jersey (Alexander J. Rinaldi of counsel), for respondent.



Egan Jr., J.
Appeal from an order of the Surrogate's Court of Greene County (Wilhelm, J.), entered April 6, 2018, which denied petitioner's motion to accept the probate petition for filing and to issue citations.
On May 11, 2016, Anton Georg Noichl (hereinafter decedent), a domiciliary of the Town of Jewett, Greene County, died, survived by his wife, Ruth Noichl, who subsequently passed away on September 16, 2017. On October 6, 2017, petitioner submitted to Surrogate's Court a petition seeking to probate a November 22, 2008 handwritten document purporting to be the last will and testament of decedent, along with an affidavit executed by Francis Lavalley attesting to the fact that both he and Richard Levy witnessed decedent's execution of the will. The Surrogate's Court Clerk purportedly refused to accept the subject probate petition for filing, prompting petitioner to move for an order directing the Surrogate's Court Clerk to accept the petition for filing and to issue citations.[FN1] Respondent, the executor of Ruth Noichl's estate, opposed the motion, contending, among other things, that the November 2008 document at issue was a holographic will and should not be admitted to probate because Levy did not sign it in his capacity as a witness, and instead signed solely in his capacity as a notary public (see EPTL 3-2.2). In its subsequent decision, Surrogate's Court did not address the issue of the rejected filing of the petition by the Surrogate's Court Clerk and, instead, treated petitioner's motion as a motion to admit the will to probate and denied same, finding that Lavalley's attesting affidavit failed to establish that Levy signed decedent's will in his capacity as a witness and, as such, the subject will had only one valid witness signature, precluding its admission for probate. Petitioner appeals, and we reverse.
The question presented to Surrogate's Court was not whether the purported will should be admitted to probate, but only whether the petition seeking probate of the subject will should have been accepted for filing. It appears that, in presenting their respective positions regarding the motion, the parties addressed, in detail, the validity of the will and whether it was properly executed and, in turn, Surrogate's Court's well-intentioned decision addressed those arguments and denied probate. That decision was premature (see SCPA 304, 1402 [1], [2]; 22 NYCRR 207.16; see also CPLR 2102 [c]; cf. Matter of Buchting, 111 AD3d 1114, 1116 [2013]). There is a difference between accepting a probate petition for filing and admitting a will to probate. The former merely commences the legal proceeding to determine the validity of a purported will; the latter is but one possible outcome of that process. Here, Surrogate's Court should have granted petitioner's motion, directed the Surrogate's Court Clerk to accept the petition and accompanying papers for filing, issued the appropriate citations and proceeded according to the procedures set forth in SCPA article 14.
Garry, P.J., Lynch and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, petitioner's motion granted and matter remitted to the Surrogate's Court of Greene County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: The record is devoid of any formal letter, order or decree officially rejecting petitioner's filing.